**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

LAW OFFICES OF TIMOTHY R. HOTT, P.C.
100 Challenger Rd. Ste 402
Ridgefield Park, New Jersey 07660
Telephone (201) 994-0400
Fax: (201) 994-0401
Email: TimHott@Gmail.com
(TH 6729) (N.J. Bar ID#015401974)
Attorney for the Plaintiffs

| | |
|---|---|
| Fredrick P. Potter, Jr., Michael L. Broderick, Michael Tkatch, Rick Workman, George Kreis and Jack Kocsis, as Trustees constituting the Boards of Trustees of Teamsters Local 469 Pension Fund, Teamsters Local 469 Welfare Fund, Teamsters Local 469 Annuity Fund and Teamsters Local 469 Union No., 469, an unincorporated labor organization, <br><br> *Plaintiff(s)* <br><br> vs. <br><br> C.D.J., Inc., CDJ Contracting Corp., Tarheel Enterprises, Inc., and the foregoing d/b/a CDJ Tarheels, 2000 Highway 35 Morgan, New Jersey 08879 <br><br> *Defendant(s)* | <u>CIVIL ACTION</u> <br><br> CIVIL ACTION NO. <br><br><br> **<u>COMPLAINT</u>** |

PLAINTIFFS, Fredrick P. Potter, Jr., Michael L. Broderick, Michael Tkatch, Rick Workman, George Kreis and Jack Kocsis, as Trustees constituting the Boards of Trustees of Teamsters Local 469 Pension Fund, Teamsters Local 469 Welfare Fund, Teamsters Local 469 Annuity Fund and Teamsters Local 469 Union No., 469, an unincorporated labor organization having their principal office at 3400 Highway #35,

Hazlet. Monmouth County, New Jersey, complaining of the Defendants, C.D.J., Inc., CDJ Contracting Corp., Tarheel Enterprises, Inc., and the foregoing d/b/a CDJ Tarheels, having their principal place of business at 2000 Highway 35, Morgan, Middlesex County, New Jersey 08879, say:

## THE PARTIES

1. Plaintiffs Potter, Broderick, Tkatch, Workman, Kreis and Kocsis constitute the Boards of Trustees of Plaintiffs Teamsters Local 469 Pension Fund, Teamsters Local 469 Welfare Fund, and Teamsters Local 469 Annuity Fund [hereinafter collectively, "FUNDS"]. These Funds are trusts established pursuant to Sections 302[c][5] of the National Labor Relations Act, as amended (29 U.S.C. 186 [c][5]), and pursuant to E.R.I.S.A., 29 U.S.C. 1001, et seq. for the purpose of providing pension, health, medical and other such benefits for employees of employers covered by the provisions of collective bargaining agreements between Teamsters Local Union No. 469, an unincorporated labor organization (hereinafter "Union") and such employers who are party to collective bargaining agreements with said Union or by virtue of a writing wherein the employer agrees and obligates itself to pay into said Funds on account of the employer's employees who are represented by the Union. The purpose of having employers such as the Defendant herein pay into the Funds on account of employees represented by the Union is to provide benefits of the type described above to said employees. The Boards of Trustees of the Funds consist of an equal number of Union and Employer representatives appointed by their respective appointing entities to administer said Funds.

2. Plaintiff Union is an unincorporated labor organization which is the exclusive collective bargaining representative of employees of employers who are parties to collective bargaining agreements with the Union or who have agreed to recognize the Union as the exclusive collective bargaining representative of employees of employers and have provided a writing wherein such an employer agrees to pay contributions into the Funds on behalf of employer's employees in accordance with a schedule set forth in a collective bargaining agreement or elsewhere stated in writing.

3. Defendants, C.D.J., Inc., CDJ Contracting Corp., Tarheel Enterprises, Inc., and the foregoing d/b/a CDJ Tarheels, ("Company" or "Companies"), are employers who employ employees who are represented by the Union.  Defendants are or were bound to a collective bargaining agreement and/or another writing wherein the Company[ies] agreed to pay contributions into the Funds on behalf of employer's employees in accordance with a schedule set forth in a such agreement or elsewhere stated in writing.

## **JURISDICTION**

4. Jurisdiction of this Court is invoked in this matter under 29 U.S.C. 185 and 29 U.S.C. 1145 and 28 U.S.C. 1331.

5. Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due the Funds and their procedures for verifying the accuracy of the contributions made to the Funds by contributing employers such as the defendant.

## **FIRST COUNT**

6. 29 U.S.C. Section 1145 requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreement and the procedures specified by the Trustees of the Trust.

7. The procedure established by the Trustees of the Funds, and as provided in the referenced collective bargaining agreement, requires that Employers remit payments on account of such employer's employees monthly by the twentieth day of the month following the end of each calendar month during which employees represented by the Union perform work for an employer party to the referenced agreement. Said collective bargaining agreement requires that defendant make said payments to plaintiffs based upon a specific method in the agreement for employees who are employed under the above referenced collective bargaining agreement.

8. Defendants, as parties to the collective bargaining agreement or as parties to written documents which incorporate by reference the obligation to pay into the Funds for its employees is also bound by the terms of the Trust Agreements of the Funds.

9. Pursuant to the aforementioned Collective Bargaining Agreement defendant agreed to and did become contractually and legally bound to the terms and provisions of the Trust Agreements of plaintiff Funds as managed and operated by Plaintiff Trustees.  Said Trust Agreement authorized the Trustees on behalf of the Funds to take such action as the Trustees thereof deem required to enforce

4

compliance with the Trust Agreements and with those provisions of the Collective Bargaining Agreements mandating payment of contributions to the Funds for and on behalf of employees employed by defendant under said Agreements and mandating employers to cooperate with periodical audits of their books and records to insure proper payments have been rendered and employees are covered under the Fund.  Said Trust Agreements authorize the Trustees on behalf of the Funds to collect delinquent contributions and enforce all contribution procedures from defendants by legal proceedings in courts of competent jurisdiction.

10. Plaintiffs are specifically authorized and entitled to maintain and prosecute causes of action against defendants to enforce defendants' contract debts and obligations to Plaintiff Funds pursuant to the Declaration of Trust and 29 U.S.C. 1132.  Said Statute and Trust specifically mandates imposition and award of interest, liquidated damages, attorney fees, court costs and injunctive relief in favor of plaintiff against defendant for defendant's breaches of Agreement and failure to pay, within the time limits of said Agreements,.

11. Since on or about February 20, 2017, defendants have failed to remit payments to the aforesaid Funds as required by the referenced collective bargaining agreements.   Defendants are delinquent in payment of monies due to plaintiff Funds in the amount of $8,992.39 for the period February 1, 2019 through September 30, 2019. Defendants may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during pendency of this cause of action.

12. Defendants may accrue additional debts to the Funds for months or parts thereof following the filing of this complaint. Plaintiffs hereby also seek judgment for any such months which become due and remain unpaid during the pendency of this cause of action.

13. Plaintiff Funds, prior to the current date, made demand for payment of said debt. Defendants failed and refused to remit said payment in violation of the collective bargaining agreement and in violation of 29 U.S.C. 1145 and plaintiffs' trust agreements.

14. In accordance with the applicable provisions of the trust agreements of each Fund, they are also entitled to collect interest at the rate of 18% per annum on the unpaid principal debt, liquidated damages at the rate of 20% of the principal sum due and attorneys' fees of twenty-five (25%) per cent of the defendant's principal debt together with costs of suit. The foregoing being in addition to the principal debt and interest as described and set forth above.

WHEREFORE, the plaintiffs Potter, Broderick, Tkatch, Workman, Kreis and Kocsis as trustees of Teamsters Local 469 Pension Fund, Teamsters Local 469 Welfare Fund and Teamsters Local 469 Annuity Fund their Boards of Trustees demand judgment against the defendant;

(a) For the entry of judgment in an amount equal to the principal sum due and owing to the plaintiffs, plus interest at the rate of eighteen (18%) per cent and liquidated damages at the rate of 20% of the principal sum due and attorneys' fees of twenty-five (25%) per cent of the defendant's principal debt together with costs of suit.; and

6

(b)  For such other and further relief as the Court deems equitable and just.

## SECOND COUNT

15. Plaintiffs repeat and reallege each and every paragraph of the preceding Count as if set forth in full herein.

16. In addition to the amounts due and owing from defendant to plaintiffs as set forth above in the First and Second Counts, there may be due and owing additional sums for periods before and after the periods alleged in the First and Second Counts and as may be discovered by an audit of the books and records of defendants.

WHEREFORE, the plaintiffs  Potter, Broderick, Tkatch, Workman, Kreis and Kocsis as trustees of Teamsters Local 469 Pension Fund Teamsters, Local 469 Welfare Fund and Teamsters Local 469 Annuity Fund their Boards of Trustees demand judgment against the defendant;

(a)  For the entry of judgment in an amount equal to the principal sums which may become due and owing to the plaintiffs during the pendency of this cause of action, plus interest at the rate of eighteen (18%) per cent and liquidated damages at the rate of 20% of the principal sum due and attorneys' fees of twenty-five (25%) per cent of the defendant's principal debt together with costs of suit.; and

(b)  For such other and further relief as the Court deems equitable and just.

Date:     11/06/2019                              **S/TIMOTHY R. HOTT**
                                                  **TIMOTHY R. HOTT**